(48 App. Div. 391.)

LEE v. VILLAGE OF GREENWICH.

(Supreme Court, Appellate Division, Third Department.   March 7, 1900.)

1. STATUTES—RETROACTIVE OPERATION.

A notice of claim against a village, filed in April, 1897, action on which was not commenced until November, 1897, is not governed by a law taking effect in July, 1897.

2. MUNICIPAL CORPORATIONS—CLAIMS—NOTICE.

A notice of claim for injuries received by falling on an icy sidewalk on an avenue shown by the evidence to be about 100 rods long, and to have a sidewalk the entire length of one side, and part of the way on the other side, which states that the accident occurred "on or about the 6th day of March, on Barber avenue," is not sufficiently definite as to time and place, under Laws 1889, c. 440, providing that "no action shall be maintained against the village * * * unless the claim shall have been presented, and notice of the time and place at which injuries were received shall have been filed," etc.

Appeal from trial term, Washington county.

Action by Mary Lee against the village of Greenwich for personal injuries.   From a judgment dismissing complaint, plaintiff appeals.   Affirmed.

Upon the trial the following evidence was given by plaintiff: "Barber avenue, where the accident occurred, is about one hundred rods long, and has sidewalk all the way on south side and part of the way on north side."   The plaintiff then offered in evidence a paper filed with the village clerk on April 9, 1897, reading as follows:

"To the Corporation of the Village of Greenwich, N. Y.: I claim a cause of action against the village of Greenwich by reason of injuries which I sustained on or about the 6th day of March, 1897, on the street popularly known as 'Barber Avenue,' in said village. That because of ice made to form, accumulate, and continue upon the sidewalk of said street through the negligence and indifference, as I am informed and believe, of said corporation, so that the same became dangerous, I, while lawfully using and walking upon the same, was made to fall and break my leg, and sustain otherwise serious physical injuries. and caused to suffer great pain and suffering and loss of time, and compelled to lay out large sums for medical attendance and care. I estimate and lay my damages at the sum of $2,000.

"Dated Greenwich, N. Y., April 9, 1897.

"[Signed]                                          Mary Lee."

This paper was a copy of an original duly verified.   The admission of the paper in evidence was objected to on several grounds, among them these grounds were urged: "It does not specify the place of the accident with any sufficient accuracy, as required by the statutes.   It states no facts from which the nature of the claim can be judged, and it is insufficient, under the statute."   The action was begun November 5, 1897.   The objection to the paper was sustained.   No further evidence being offered, a motion to dismiss was made, granted, and excepted to.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Robert Payne, for appellant.

Charles C. Van Kirk, for respondent.

KELLOGG, J. The respondent contends that, as to the service of a notice by a claimant, the provisions of the village law which went into effect July 1, 1897, must govern in this case. In this I think he is in error. The accident is alleged to have occurred in the month of March, 1897. The notice was filed with the clerk April 9, 1897, and although the action was not commenced until November following, and after the amendment to the village law went into effect, the law as amended did not affect the right of action, if in fact the claimant had previously done what the law then in force required to be done to give a standing in court. This question was in this court so decided in Bullock v. Town of Durham, 64 Hun, 380, 19 N. Y. Supp. 635. The condition upon which plaintiff should have a right of action against the village, as stated in the village law of 1889, which is the controlling law here, is declared in this language:

"No action shall be maintained against the village * * * unless the claim shall have been presented and notice of the time and place at which injuries were received shall have been filed with the village clerk," etc. Laws 1889, c. 440.

And the question here is, did the notice filed April 9, 1897, substantially conform to this requirement as to time and place? This is a question not entirely free from difficulties. The "place" stated in the notice is a sidewalk on "the street popularly known as 'Barber Avenue'" in the village of Greenwich. The street is something over a quarter of a mile long, and has "a sidewalk all the way on the south side, and part of the way on the north side," and the stated time of the accident is "on or about the 6th day of March." The occasion of the accident, as alleged in the notice, is "because of ice made to form, accumulate, and continue upon the sidewalk." The time fixed is the month of March. At that season of the year, in this climate, it may be presumed that the condition of the sidewalks in a country village undergoes frequent changes from natural causes. What to-day may be a reasonably safe walk for pedestrians may to-morrow be unsafe, and so become from no censurable negligence on the part of the village or its servants. Some particular places in a sidewalk may any day, from ice and snow, be temporarily unsafe, and the village may not be chargeable with negligence in failing to remove the ice and snow at these particular places. If the notice is designed to answer any useful purpose, by way of calling the attention of the authorities to the actual facts and conditions which existed at the time and place, and which caused the accident, and so aid them in forming a judgment as to settlement, it is plain that such a notice as to accidents of this nature should be as to "time" and "place" specific, and not general, and should be as definite and exact as the claimant can reasonably make it. Such a notice is conclusive upon the claimant in any action afterwards brought for injuries sustained. The time and place cannot be shifted to suit conditions on other days and at other places.

It seems to me that this is not such a notice as the law required. "On or about" a certain day, in such a case, is altogether too uncertain and indefinite. Proof, under such a notice, might be given

as to the condition of the sidewalk on any day within a range of many days, and the exact date of the accident might be shifted to suit the claimant, and to suit the record as to the weather, and the proof as to the condition of the sidewalk, on any particular day within that wide range of "on or about." Neither is the place mentioned in the notice sufficiently definite. Here it is stated to be anywhere on a sidewalk concededly about one-half mile in length, for it is not stated on which side of this 100-rod avenue it occurred. It leaves the authorities to guess or search out just where was the place of the accident. They have no power to compel more definite information, and they are called upon to examine a half mile of sidewalk; and in reaching a reasonable conclusion as to whether the claim is a just one, and should be audited or settled, and costs of an action avoided, they must necessarily determine that the entire sidewalk was or was not at the particular time in every spot free of ice, or accumulation of ice and snow, which should have been sooner removed. This, it seems to me, is unreasonable, and practically defeats entirely the purpose of the required notice. There is nothing in the notice filed with the clerk of the village in this case from which the time and place could with any reasonable certainty have been discovered or fixed, and for this reason I do not think the claimant has shown a substantial compliance with the requirement of the statute.

This judgment should be affirmed, with costs. All concur.