**MOELLER et al. v. SCRANTON GLASS INSTRUMENT CO., Inc.**

Circuit Court of Appeals, Third Circuit.
April 27, 1927.

No. 3555.

1. Patents ☞310(1)—Bill averring issuance of patent, after full compliance with statutes, to original and sole inventor, sufficiently alleged grant of patent (equity rule 25).

Bill averring that patentee, who was first, original, and sole inventor, and entitled to letters patent, having fully complied with statutes, patent was granted, *held* to sufficiently allege grant of patent, notwithstanding failure to show nonexistence of inventions for two years before application, in view of equity rule 25.

2. Patents ☞310(2)—Profert in pleading of letters patent made them part of pleadings.

In patent infringement suit, profert of letters patent in pleading made letters themselves part of pleadings.

3. Patents ☞310(1)—Bill showing patent issue, plaintiff's ownership, and defendant's infringement held not demurrable.

In patent infringement suit, bill averring patent issue, patent ownership by plaintiff, and advising defendant wherein there was infringement, *held* not demurrable.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Albert W. Johnson, Judge.

Suit by August E. Moeller and others, doing business under the firm name of A. E. Moeller, against the Scranton Glass Instrument Company, Inc. On demurrer the bill was dismissed (14 F.[2d] 120), and complainants bring error. Reversed and remanded, with instructions.

Otto R. Barnett and Percival H. Truman, both of Chicago, Ill., for plaintiffs in error.

Reese H. Harris (of Knapp, O'Malley, Hill & Harris) and Jerome I. Myers (of Tinkham & Myers), both of Scranton, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. The question involved in this case is whether the

bill in the patent case complies with equity rule No. 25. The purpose of these rules was to define the issue the plaintiff was to try, and so advise the defendant as to enable him to prepare to meet such issue. This was to be done, as stated in the rule, by "a short and simple statement of the ultimate facts upon which the plaintiff asks relief, omitting any mere statements of evidence." On demurrer, the court below held the bill did not comply with the rule, and dismissed the bill. Thereupon this appeal was taken. [1] Now, as the ultimate facts upon which the plaintiff asks relief were, first, grant of a patent; second, ownership thereof by the plaintiff; third, infringement thereof by defendant—the question here involved is the plaintiff's bill, a short and simple statement of these ultimate facts which omits statements of evidence. We select one patent as typical, which the bill thus states:

"Max E. Moeller, being the first, original, and sole inventor of certain new and useful improvements in hydrometer, and being then as such inventor the person entitled by law to apply for and receive letters patent of the United States therefor, did in due form and apt time, and in full compliance with the statutes in such cases made and provided, on, to wit, May 26, 1915, file his application with the proper department of the government of the United States for the grant to him of United States letters patent upon and for the aforesaid invention.

"Thereupon such proceedings were had upon and pursuant to said application, and in due form and in full compliance of all the requirements of law then in force, that on, to wit, March 28, 1916, United States letters patent No. 1,177,128 were lawfully granted to said Max E. Moeller for said invention, which letters patent are now in full force and effect, and which letters patent, or a duly certified copy thereof, are ready in court to be produced as and when this honorable court may direct, and a copy of which letters patent is attached hereto as Exhibit A and made a part hereof."

The court below held that:

"The said bill of complaint is defective, in that it fails to set forth that the inventions at issue were not in public use nor on sale in this country for two years before the application for letters patent thereon.

"The said bill of complaint is defective, in that it fails to allege that the inventions at issue were not patented nor described in a printed publication in this or any foreign country for two years before the application for letters patent thereon."

We shall not discuss the case pro and con on this question, but confine ourselves to stating why we hold the averments of the bill comply with the rule. The first issue sought to be raised by the bill was the grant of a patent. Can there be any question that such issue was sufficiently averred? It was averred the patentee was "the first, original, and sole inventor"; that as such inventor he was "entitled by law to apply for and receive letters patent of the United States therefor"; that "in full compliance with the statutes in such case made and provided," he did on May 26, 1916, apply therefor; that on "March 28, 1916, United States letters patent No. 1,177,128 were lawfully granted" to him. In addition to these averments the bill made profert of the original letters patent or a certified copy thereof in these words: "Which letters patent, or a duly certified copy thereof, are ready in court to be produced as and when this honorable court may direct, and a copy of which letters patent is attached thereto as Exhibit A, and made a part hereof."

[2] What more could be required in averment by demurrer, or in proof at trial? By familiar principles of pleading, profert made the letters themselves part of the pleadings. If the letters patent themselves, or a certified copy thereof, were offered and received in evidence, would they not establish the due grant of the patent? Occasionally a file wrapper is put in evidence, for the purpose of showing some procedural step, but in the trial of cases the usual course of court and counsel has been to treat the sheet office copy of specifications, drawings, and claims as evidencing the grant of a patent, without resorting to even the letters patent themselves, or a certified copy thereof. If the letters were offered in evidence, would an objection avail that it should not be received in evidence until the plaintiff had first proved, or offered to accompany by proof, that the invention had not been in public use or on sale in this country for two years, or was not patented or described abroad in a printed publication for two years before application. These are the negative requirements of the statute as to an inventive right to a patent; they are not requirements as to a patentee's prima facie right of action on a patent granted.

Assuredly such use, sale, or publication was an affirmative fact, to be proved by a defendant, and not one the plaintiff was called on to negative. His letters patent issued by the government was the ultimate fact on which, as the rule states, "the plaintiff asks

relief," and in no sense could this defense matter, which the defendant had to prove, be aptly described as "an ultimate fact upon which the plaintiff asks relief." So, also, with regard to the assignment and consequent ownership of the patent. The bill avers that subsequent to the grant of said letters patent No. 1,177,128, "by an assignment in writing duly executed and recorded," and profert of which original assignment, or a duly certified copy thereof, plaintiff was vested with "all the right, title, and interest in, to and under said letters patent No. 1,177,128."

[3] On demurrer, therefore, the court had by these averments and proferts the ultimate facts of patent issue and patent ownership, which affirmatively and sufficiently would, in the absence of countervailing proof, show the plaintiff's right to recover infringed. And the averments of the bill specified and thus advised the defendant wherein infringement was alleged. The patent was for a hydrometer, and the bill specified two types of hydrometer, which the defendant made and sold in the city of Scranton by the name of "Simplex," "Kant Stick," and "Sturdy," as embodying and infringing certain specified and numbered claims. If these averred facts, patent issue, patent ownership, and patent infringement were proved as averred, and the defendant gave no countervailing defense, undoubtedly the plaintiff pleaded a sufficient case, and was entitled to recover, and in our judgment so construing and applying the rule in question is a step in furthering simplicity of statement, definition of issue, and information to the defendant.

The decree below will therefore be reversed, and the cause remanded, with instructions to reinstate the bill and proceed in due course.