## WHITE v. STUDEBAKER CORPORATION et al.

District Court, S. D. California, S. D.
February 12, 1929.

J. Calvin Brown, of Los Angeles, Cal., for plaintiff.

Lyon & Lyon and I. L. Fuller, all of Los Angeles, Cal., for defendants Studebaker Corporation of America and Paul G. Hoffman Co., Inc.

JAMES, District Judge. The plaintiff, claiming infringement of rights owned by him, as evidenced by five letters patent, seeks an injunction and damages. The defendants Studebaker Corporation of America and Paul G. Hoffman Company, Inc., appear and present separately motions to dismiss the bill of complaint and to strike out certain portions thereof.

Referring first to the motions to dismiss: It is contended that the allegations of the bill of complaint are not sufficient to state a cause for the relief prayed for. Without preliminary allegations referring to the inventions, plaintiff alleges that on a certain date letters patent were granted under the statutes of the United States and rules of practice of the United States Patent Office, and that he ever since has been and is now the owner thereof. Defendants insist that this form of pleading does not present the essential facts which established practice requires shall be set out.

The question as to what a bill of complaint must show by allegations of facts in a patent suit is one that has been given the attention of various of the federal judges,

and the decisions are not in full accord. It seems to be conceded by the plaintiff that, at least prior to the taking effect of Equity Rule 25, in the year 1913, a complainant in equity, suing to protect patent rights, was obliged to set forth facts showing that he was entitled to have issued to him the patent under which such rights were claimed; in other words, that he must allege that all of the conditions described in sections 4886, 4887, Revised Statutes (35 USCA §§ 31, 32), existed precedent to the issuance of the patent. The decisions made, in which the requirement as indicated was laid down, treated the conditions enumerated in the sections noted as the ultimate facts, and it was generally held that, in order to show a good cause for complaint, there should be set forth fully, not only the affirmative matters prerequisite to the patent, but that the allegations should negative as well the conditions which would have affected the right. At first thought, the rule thus imposed as to the latter requirement, might seem to be at variance with the general holding that matters which invalidate an otherwise existing right need not be negatived in a pleading. But conditions of both classes form issuable facts, and, being such, the complainant should be obliged to affirm their existence or nonexistence by suitable allegations. If the letters patent were made *conclusive evidence* of the existence of the facts entitling the holder thereof to the right, obviously there would be no necessity for a bill of complaint to allege more than the fact that the patent had been regularly issued. The patent, however, is only prima facie evidence that it was issued in a proper case.

Equity Rule 25 was apparently designed to simplify only the old form of pleading an equity cause. That a complainant, as is provided, may make a "short and simple statement of the ultimate facts," is not to say that any of the ultimate facts may be omitted from that statement. In my opinion, rule 25 has not in any wise changed or limited the matters required to be pleaded, and hence it must be held that plaintiff's bill is deficient.

The second objection made is that, the defendants being nonresident corporations, plaintiff has not with sufficient allegations brought himself within the provisions of section 48 of the Judicial Code (28 USCA § 109), so as to permit of his action being maintained in this district. The section referred to provides that an action for infringement of letters patent may be brought in the district where the acts of infringement have been committed, and where a nonresident defendant shall "have a regular and established place of business." Plaintiff alleges infringement committed within this jurisdiction, but further only that defendants have a place of business within the district. It might well be that a place of business for some limited and temporary purpose exists or existed, which would satisfy the description of plaintiff's allegation, and yet it would not answer to the term "regular and established," as used in the statute. It follows that the bill is deficient in the last-mentioned particular also.

As plaintiff will no doubt desire to file an amended bill, it would seem not to serve a useful purpose to consider particularly the motion to strike out portions of the complaint. The ruling on the motion to dismiss will be without prejudice to the right of the defendants to move to strike out such portions of the bill, when amended, as their judgment may recommend.

The motions to dismiss will be granted, unless the plaintiff shall within 15 days amend his bill of complaint to cure the defects hereinbefore considered.