McCULLOUGH EGG EQUIPMENT CO. v. POULTRY PRODUCERS OF CENTRAL CALIFORNIA.

No. 2402.

District Court, N. D. California, N. D., Division 2.

June 24, 1931.

Young, Hudson & Rabinowitz, of San Francisco, Cal., for plaintiff.

Chas. E. Townsend, Wm. A. Loftus, and Thos. G. Goulden, all of San Francisco, Cal., for defendant.

KERRIGAN, District Judge.

The plaintiff in this case claims that defendant has infringed its patent rights to a "Machine for Treating Eggs" and seeks an injunction and damages. The defendant has moved to dismiss plaintiff's bill of complaint on the theory that plaintiff has not alleged therein the ultimate facts required by law. The instant case raises the question in this district as to whether the so-called "long form" or "short form" of bill of complaint is proper. There is a square conflict of authority on this point in the United States courts. There are two Circuit Court cases on the point, one of which, Ingrassia v. A. C. W. Manufacturing Corporation, 24 F.(2d) 703 (C. C. A. 2), holds that the "short form" is not sufficient, and the other of which, Moeller v. Scranton Glass Instrument Co., 19 F.(2d) 14 (C. C. A. 3), holds that the "short form" is sufficient. The District Courts are likewise divided. This court is of the opinion that the "short form" of the bill of complaint in patent infringement cases is sufficient. This view has heretofore been followed in several cases in this district without written opinion.

Before proceeding to discuss the reasons for this ruling, it is necessary to analyze the difference between the "long form" and the "short form" of bill of complaint. The "long form" is the modern survival of the cumbersome old-fashioned bill of complaint in use before the New Equity Rules were adopted in the interest of simplified and concise pleading. It contains not only the allegations of the grant of the patent, the plaintiff's ownership thereof, and the infringement thereof by defendant, but also the allegations negativing the existence of all facts which under sections 31 and 32 of 35 USCA (Rev. St. §§ 4886, 4887) would defeat an inventor's application for a patent. In this form the plaintiff must plead as additional ultimate facts: (1) That the subject of the patent was not known or used by others in this country before the invention or discovery thereof by the applicant; (2) that it had not been patented or described in any printed publi-

cation in this or any foreign country before the invention or more than two years prior to his application; (3) that it was not in public use or on sale in this country for more than two years prior to the application, unless the same is proved to have been abandoned; (4) that the application for a foreign patent was not filed more than twelve months prior to the filing of the application in this country. White v. Studebaker Corp. (D. C.) 30 F.(2d) 835; Bayley & Sons v. Braunstein Bros. Co. (D. C.) 237 F. 671; 35 USCA §§ 31 and 32. The "short form," on the other hand, contains only the allegations respecting the issuance of the patent, the plaintiff's ownership thereof, and the defendant's infringement of plaintiff's rights thereunder. The cases upholding each of these types of complaint agree that it is necessary to plead under Equity Rule 25 (28 USCA § 723) only the ultimate facts. With reference to this point the rule requires "a short and simple statement of the ultimate facts upon which the plaintiff asks relief omitting any mere statement of evidence."

It appears to me that the better reasoning and practice support the contention that the pleading of the additional facts in the "long form" is unnecessary, in that it is a denial of anticipated defenses. Moeller v. Scranton Glass Instrument Co. (C. C. A. 3) 19 F.(2d) 14. It is true that the claims of plaintiff may be defeated after the issuance of the patent in proper form by showing that the holder of the patent was not entitled thereto under sections 31 and 32 of 35 USCA. The pleading by the defendant of the existence of such defensive matter is explicitly authorized. 35 USCA § 69 (Rev. St. § 4920). It is therefore a duplication to require plaintiff to deny in anticipation any defense which defendant might plead. The case of Jost v. Borden Stove Co. (D. C.) 262 F. 163, in a well-reasoned opinion supports the following principles: That the plaintiff's prima facie case requires proof only of the regular issuance of the patent to plaintiff or his predecessor in interest; that the defendant may defeat plaintiff's right to recover by showing that the patent was improperly issued in that the provisions of 35 USCA §§ 31 and 32 were not in fact complied with; that the burden of pleading such want of compliance is upon the defendant; and further that the letter and spirit of Equity Rule 25 (28 USCA § 723) is violated by such redundant pleading. See, also, Zenith Carburetor Co. v. Stromberg Motor Devices Co. (D. C.) 205 F. 158; Moeller v. Scranton

Glass Instrument Co., supra; Pittsburgh Water Heater Co. v. Beler Water Heater Co. (D. C.) 222 F. 950; General Bakelite Co. v. Nikolas (D. C.) 207 F. 111.

The motion to dismiss is denied.