FRANCIS L. HOFF, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 24406.) — Judgment affirmed, with costs. All concur, except Sears, P. J., and Edgcomb, J., who dissent and vote for reversal on the law and for granting a new trial. (The judgment dismisses a claim for damages for the misfeasance of the superintendent of Gowanda State Hospital.) Present — Sears, P. J., Edgcomb, Crosby, Cunningham and Taylor, JJ.

ADRAINE DAWN HUMANN, by CHARLES HUMANN, Her Guardian ad Litem, Respondent, v. THE CITY OF LOCKPORT, Appellant, FRANK J. CONOVER and Another, Doing Business under the Name and Style of CONOVER & REYNOLDS, Defendants.— Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff in an action for damages for injuries sustained by reason of an obstruction adjacent to the sidewalk. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Edgcomb, Crosby, Cunningham and Taylor, JJ.

In the Matter of the Estate of ELIZABETH H. TURNER, Deceased. Claims of ABIJAH H. TURNER, Surviving Husband, under Section 18 of the Decedent Estate Law and under Section 200 of the Surrogate's Court Act.— Decree affirmed, with costs to the respondent payable out of the estate. All concur. (The decree adjudges the husband of decedent to have a valid right of election against the wife's estate.) Present — Sears, P. J., Edgcomb, Crosby, Cunningham and Taylor, JJ.

EMIL WALKO, Appellant, v. CITY OF BUFFALO, Respondent.— Judgment of the Special Term reversed on the law and judgment of the Buffalo City Court affirmed, with costs in this court and in the Special Term. Memorandum: According to the undisputed evidence of the plaintiff, a pile of ice which caused the accident was placed on the side of the street by an agency of the defendant city, and had there existed for several days. The trier of the facts could and did find that the defendant was negligent. It cannot be said, as a matter of law, that defendant was not negligent. The notice of claim was sufficiently definite and accurate for the purpose for which it was required, to wit, to enable the city to locate the place and the time of the accident and determine its liability. The case of *Lee* v. *Village of Greenwich* (48 App. Div. 391) has been modified if not overruled by *Comstock* v. *Village of Schuylerville* (139 App. Div. 378). (See, also, *Weisman* v. *City of New York*, 219 N. Y. 178, 186.) All concur. (The judgment reverses a Buffalo City Court judgment in favor of plaintiff and dismisses the complaint in an action for damages to an automobile resulting from negligent condition of public street.) Present — Sears, P. J., Edgcomb, Crosby, Cunningham and Taylor, JJ.

WILLIAM F. LYNN and CENTRAL TRUST COMPANY OF ROCHESTER, NEW YORK, as Executors, etc., of FRED GLEASON, Deceased, Respondents, Appellants, v. GENERAL MOTORS CORPORATION, Appellant, Respondent.— Judgment reversed on the law, with costs to the defendant, and complaint dismissed, with costs. Plaintiffs' appeal dismissed as academic. Memorandum: A stock company or its transfer agent on receiving notice that a person seeking a transfer of stock on the books of the company and the issuance of a new certificate has only a qualified or life interest with power of sale, cannot be compelled to issue new stock in the name of the transferee individually without limitation but may show upon the face of the new certificate of stock the limitation of the transferee's interest. All concur. (The judgment directs defendant to register stock in the name of the transferee individually, and adjudges that plaintiffs are not entitled to money damages.) Present — Sears, P. J., Edgcomb, Crosby, Lewis and Cunningham, JJ.