**BOWLES, Price Administrator, v. AMERICAN DISTILLING CO., Inc., et al.**

District Court, S. D. New York.

July 6, 1945.

William B. Herlands, of New York City, for defendant Brown.

John J. Burns, of New York City, for defendant American Distilling Co.

Edwin M. Slote, of New York City, for defendant Siskind.

RIFKIND, District Judge.

Several of the twenty-three defendants to the three-count complaint,[1] filed by the Price Administrator, have made five motions to dismiss the complaint on a variety of grounds. It will facilitate consideration of the questions presented for decision if each of the motions is treated separately.

1. *Motion of American Distilling Co.:* This defendant moves to dismiss counts 1 and 2 for failure to state a claim upon which relief can be granted and to dismiss count 3 for lack of jurisdiction and for failure to state a claim upon which relief can be granted; and, in the alternative, for a bill of particulars.

Count 1 is in the stereotyped form of complaint used by the O. P. A. when it seeks an injunction to restrain alleged violations of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq. Such an action is authorized by Section 205(a); jurisdiction is conferred by section 205(c); and the complaint so recites. It further alleges that in the judgment of the Administrator the defendants have engaged in acts and practices which constitute a violation of section 4(a) of the Act in that they have violated the provisions of MPR 193 and MPR 445; and specifically, that from November 27, 1943, to the date of the complaint they sold and delivered, and offered to sell and deliver, distilled spirits, and demanded and received prices therefor in excess of the applicable maximum prices established by said regulations.

The nub of defendant's objections is that "to state that twenty-three defendants all sold and delivered distilled spirits at overceiling prices, and offered to do so, is not to set forth 'any acts or practices.'" I think it is. The complaint satisfies the requirement of Rule 8(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Such a complaint need not allege that "it was the practice of American Distilling Co. to sell distilled spirits at overceiling prices." The complaint need not specify particular sales or acts on the part of this defendant. The complaint must be read, on a motion to dismiss for insuf-

See, also, 62 F.Supp. 15.

Paul L. Ross, of New York City (Elliott L. Biskind, of New York City, of counsel), for plaintiff.

Garey, Desvernine & Garey, of New York City, for defendant Sanhope Foster & Co.

Chapman & Keane, of New York City, for defendant Gorman.

[1] All references to the complaint are to the amended complaint, filed March 24, 1945.

ficiency, as attributing the entire course of conduct described, to wit, the sale and offer to sell of distilled spirits at overceiling prices, to the moving defendant.

A complaint which charged that A and B committed the violation alleged herein would be good without an allegation of conspiracy. There is no logical reason why such omission should vitiate a complaint which charges the same violations against A plus B plus C, * * * plus N.

Count 1 states a claim against the moving defendant upon which relief can be granted and the motion to dismiss is, therefore, denied.

■ Count 2 of the complaint is brought under Section 205(e) of the Act and seeks damages equal to three times the amount ($538,535.) by which the defendants allegedly exceeded the permitted price maxima in the sale of distilled spirits, "between on or about the 6th day of December, 1943 and the 31st day of December, 1943." Jurisdiction is predicated on Section 205(c). Section 205(e) prescribes that actions thereunder by the Administrator may be instituted within one year from the date of the occurrence of the violation. This action was instituted on December 6, 1944. The time limitation expressed in 205(e) operates as a limitation of the liability itself as created, and not of the remedy alone. The Harrisburg, 1886, 119 U.S. 199, 214, 7 S.Ct. 140, 30 L.Ed. 358; Atlantic Coast Line R. Co. v. Burnette, 1915, 239 U.S. 199, 36 S.Ct. 75, 60 L.Ed. 226. And it has been held that where the time limitation is upon the right as created, the complaint must show that the claim is asserted within the permitted period. Stimpson Computing Scale Co. v. Lucas, D.C.W.D.Ky.1927, 39 F.2d 473; Rosenberg v. Hano & Co.D.C., E.D.Pa.1938, 26 F.Supp. 160.

■ The moving defendant argues that the phrase, "on or about the 6th day of December, 1943," has a certain elasticity, and that proof of the event some days before that date would satisfy the allegation, and therefore the complaint does not sufficiently allege that the violation occurred within the one year period prescribed by statute.

Many cases hold that there is no fatal variance between an allegation that an event occurred on or about a certain day and proof that the event occurred a reasonable period before or after the named day. Mazzarella v. Whelan, 1923, 276 Pa. 313, 120 A. 141; Kerr v. Blair, 1907, 47 Tex.Civ.App. 406, 105 S.W. 548, 551; Mitchell v. Prendergast, 1917, 178 App.Div. 690, 165 N.Y.S. 972. Cf. Conroy v. Oregon Construction Co., 9 Cir., Or., 1885, 23 F. 71; Lee v. Village of Greenwich, 1900, 48 App.Div. 391, 63 N.Y.S. 160. But this argument proves too much. Even if the allegation were to the effect that the event occurred on December 6th, proof that it occurred a few days before or after that day would not result in the plaintiff's non suit, absent circumstances which would render the disregard of the variance unjust. The common device is to move to conform the pleadings to the evidence under Rule 15(b). And, of course, if by the variance the plaintiff takes himself out of the statute upon which he sued, he cannot recover. The allegation made in the instant complaint permits proof of violation on October 6, 1943, and the plaintiff must prove a violation on that day or later in order to sustain his cause of action. In this category of cases the defendant is not obliged to plead limitations as a defense, Atlantic Coast Line R. R. v. Burnette, supra. Consequently, I think the complaint is not deficient in the challenged respect.

■ Nor do I think count 2 insufficient because it fails to allege specific sales. There is nothing in the statute which prohibits the bulking of many sales in a complaint, provided that all fall within the statutory period. It may be that, in order to prepare a responsive pleading, defendant is entitled to a bill of particulars; but the propriety of a bill does not require the dismissal of the complaint. I conclude that count 2 is sufficient in this respect as well.

■ The third count alleges that plaintiff is the Administrator of the O.P.A., that he promulgated MPR 193 and MPR 445, establishing maximum prices for distilled spirits and requiring the keeping of certain business records for examination by plaintiff; that he brings the action "as an officer of the United States for and on behalf of the United States"; that jurisdiction is conferred upon this court by Section 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1); that the defendants conspired to and did deceive and defraud the plaintiff of his statutory right to recover damages from defendants by reason of the sale by them of distilled spirits at overceiling prices; that such sales occurred between June 11, 1943, and December 6, 1943; that they caus-

ed false entries to be made upon their required records "thereby falsely representing to plaintiff, *upon an examination of said books and records which was made on behalf of plaintiff*,"[2] that no more than the permitted prices had been charged, whereas in truth defendants had overcharged $1,225,589; that plaintiff, in reliance upon the said representations, refrained from asserting his claim within the period permitted by law and thereby lost his claim.

This count is challenged both for lack of jurisdiction and for insufficiency. I do not reach the second ground because I have concluded that the court is without jurisdiction.

Section 24(1) of the Judicial Code confers upon the district court jurisdiction, "of all suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue." The Administrator is by law authorized to sue; but the nature of the proceedings he may initiate are specifically enumerated in the Act: (1) He may apply to the district court for an order in aid of his subpoena, 202(e); (2) he may sue for an injunction or for an enforcement order, 205(a); (3) he may certify the facts to the Attorney General when he has reason to believe that a criminal violation has been committed under the Act, 205(b); (4) he may intervene in actions between third parties where the Act or a regulation is the ground of claim or defense, 205(d); (5) he may institute treble damage actions "on behalf of the United States", 205(e); (6) he may sue for the suspension of a license, 205(f)(2); (7) he may petition the Supreme Court for a writ of certiorari to review a judgment of the Emergency Court of Appeals, 204(d).

Nowhere, in this meticulously arranged arsenal of weapons at the disposal of the Administrator, do I find power to bring common law actions for deceit. It would seem too clear for argument that the words of Section 24(1) of the Judicial Code, "authorized by law to sue" do not mean to sue in general but to prosecute the specific action under consideration. It would be strange indeed if the Commissioner of Patents, because he has capacity to sue for some purposes, should, by virtue of Section 24(1) acquire the power to sue generally in behalf of the United States. Plaintiff does not contend as much; but he does urge that plaintiff may sue at common law to carry out the duties assigned to him if his statutory powers are not sufficient for the purpose. This argument, however, begs the question: Is it part of the Administrator's duty to enforce claims for money damages in behalf of the United States which it has suffered by reason of defendant's deceit? Nothing in the statute expressly imposes that duty upon him. Nor is it a duty which, if not devolved upon him, would go by default. The United States in its own name is not an infrequent litigant in fraud and deceit actions; and qui tam actions are designed to encourage private persons to prod an unadvised or reluctant Attorney General to take such action, 31 U.S.C.A. § 232. Consequently, it is not a situation in which we should be astute to discover, by implication, the allocation to the Administrator of such a responsibility.

Plaintiff does not evade the question. He gives an affirmative answer and relies upon Executive Order 8734, issued April 11, 1941. That order preceded the enactment of the Emergency Price Control Act. It created within the Office for Emergency Management the Office of Price Administration and Civilian Supply, headed by an administrator. Among other things, it directed the Administrator to take all lawful steps necessary or appropriate in order to prevent price spiraling, rising cost of living, profiteering, and inflation; to publish such maximum prices as he may deem fair; and to take all lawful and appropriate steps to facilitate their observance. Plaintiff argues that because 201(e), added by the Stabilization Extension Act of 1944, by implication recognizes the authority of O.E. M. over O.P.A., therefore, Executive Order 8734 is still in effect. It would seem more logical to suppose that when Congress gave statutory life to the agency which first came into being by executive order, it intended to cover the whole field of its activities and that the statutory O.P.A. did not inherit the powers of its predecessors except as these were re-conferred by statute. Indeed, where the old agency retained any life, Congress expressly acknowledged it. Secs. 205(d), 206. Be that as it may, it nowhere appears that the executive O.P.A. had power to bring common law actions for deceit. The history of that executive agency shows no exercise of

---

[2] The italicized words are not in the complaint; upon the argument, plaintiff offered to amend by adding them.

such authority; and, indeed, one of the causes which led to the enactment of the Emergency Price Control Act was that "the need for direct sanctions to secure the observance of price schedules was increasingly felt." David Ginsberg (formerly General Counsel, O.P.A.), 1942, 9 Law and Contemporary Problems, 22–25. The executive O.P.A. had no access to the courts to enforce price regulations. Its "indirect sanctions" were executive rather than judicial; and surely there is nothing in the executive order to supply a root for the idea that it could bring actions in deceit and recover money judgments in behalf of the United States. Consequently, even if we assume that the statutory O.P.A. has inherited some of the powers of the executive O.P.A., this inheritance did not include the power to bring the present action.

■ The defendant also urges that the action should be prosecuted by the Attorney General rather than by O.P.A. attorneys. But that question is not a serious one in this case. If the Administrator had authority to bring this suit then he could appear by his own attorneys. That is expressly authorized by Section 201(a). But these attorneys may be appointed only "to carry out his functions and duties under this Act."

Since the court lacks jurisdiction over the subject matter it would not acquire it even if plaintiff's lawyer were the Attorney General. In other words, we are not here concerned with the question presented in Sutherland v. International Insurance Co., C.C.A.2, 1930, 43 F.2d 969; or S.E.C. v. Robert Collier & Co., C.C.A.2, 76 F.2d 939.

The third count is dismissed for lack of jurisdiction.

■ In the alternative, defendant moves for a bill of particulars. As to count 1, the motion is denied. I am satisfied that the complaint is sufficient as to enable the defendant to answer. Whatever may be the practice in other districts, it is well established in this district that bills of particulars are not granted to enable a party to prepare for trial, Rule 12(e).

As to count 2, the motion is granted to the following extent: Plaintiff is to serve a bill of particulars wherein he is to identify each of the transactions embraced in paragraph 15 of the complaint[3] by whatever identifying information it may have at its disposal, such as the name of the buyer, date of sale, quantity, brand and destination of shipment. These are illustrative only. The object is to inform the defendant sufficiently so that he may know what transactions are challenged and so that he may scrutinize them and determine whether to admit or deny the allegation. It should not be required to guess which of its transactions are suspect. In all other respects the motion is denied.

2. *Motions of Brown et al:* These defendants move to dismiss the first count for lack of jurisdiction and its motion is founded on the absence of allegations in the complaint to bring it within the venue provisions of 205(c). They rely upon Gioia v. Clyde, S. S. Co., E.D.N.Y.1924, 3 F.2d 822; White v. Studebaker Corporation, S. D.Cal.1929, 30 F.2d 835, and 17 Hughes, Federal Practice, 1940, Section 19613. There is no need to weigh the authority of these decisions. None of the cited decisions and none of the authorities relied on by Hughes were decided after the Federal Rules of Civil Procedure went into effect.

■ Rule 8(a), which prescribes the contents of a complaint, does not mention venue. Note 3 to Form 2 annexed to the Rules recites, "Since improper venue is an affirmative dilatory defense, it is not necessary for plaintiff to include allegations showing the venue to be proper."

See also, 1, Moore's Federal Practice, page 470 and Note 3 on pp. 454, 455.

■ The Rules do not affect the law relating to jurisdiction and venue, Rule 82; but they control the form of pleading; and I find nothing therein which requires the pleading of venue in this class of action. The objection is, therefore, overruled.

These defendants move to dismiss count 2 on the same grounds; and, for the same reasons, the motion is denied.

The same defendants also move to dismiss count 2 for insufficiency. The motion is denied for the reasons stated for the denial of a similar motion made by American Distillers.

These defendants also move to dismiss count 3 for lack of jurisdiction. That mo-

---

[3] 15. Between on or about the 6th day of December, 1943 and the 31st day of December, 1943, the defendants sold and delivered distilled spirits, and demanded and received prices therefor which were in excess of the applicable maximum prices established by said Regulations.

tion is granted for the reasons already stated. The motion for a bill of particulars is granted with respect to count 2 to the extent indicated on the motion of American Distillers.

3. *Motions of Foster & Co.:* These defendants move to dismiss all three counts for insufficiency and also count 3 for lack of jurisdiction. The motion to dismiss count 1 is denied. The motion to dismiss count 2 is denied. The motion to dismiss count 3 for insufficiency need not be considered. The motion to dismiss count 3 for lack of jurisdiction is granted. The motion for a bill of particulars is granted only as to count 2, and to the extent indicated on the motion of American Distillers.

4. *Motions of Gorman:* This defendant moves to dismiss the complaint for insufficiency. The motion to dismiss counts 1 and 2 for insufficiency is denied. Count 3 is dismissed for lack of jurisdiction. The motion for a bill of particulars is granted as to count 2 to the extent indicated on the motion of American Distillers.

5. *Motions of Peter Siskind:* The motion to dismiss counts 1 and 2 for insufficiency is denied. Count 3 is dismissed for lack of jurisdiction. The motion for a bill of particulars is granted to the extent granted on the motion of American Distillers.

Submit order.