Charles W. Froessbl, J.
The defendant moves to dismiss the complaint for legal insufficiency, or, in the alternative, to strike out 22 of the 28 paragraphs of the complaint, which purports to set forth three causes of action.
The first cause of action claims that through fraud, duress, threats of violence and other acts, plaintiff suffered special damages of $5,090, and general damages of $10,000, by being required to vacate the front portion of her six-room apartment on the third floor of the defendant’s three-family house. She also demands that the damages be trebled, pursuant to section 535 of the Real Property Law.
The third cause of action realleges, by reference, the first 17 paragraphs of the first cause of action. It is then alleged that the defendant intends to rent to a person or persons other than the plaintiff the three rooms which she formerly occupied, and that if such rooms are rented she will suffer damages in the sum of $2,500. She also prays therein for a permanent injunction restraining the defendant from evicting her from any portion of the third-floor apartment and requiring the defendant to restore her to the full possession thereof.
Both of these causes of action contain a mass of verbose allegations consisting of a hodgepodge of indefinite generalizations and conclusions, with little connection between cause and effect, and with much inconsistency. The acts which purport to constitute the alleged wrongs on the part of the defendant are inter *839 mingled allegations of threatened bodily assault toward her and her children, partial eviction, fraud, duress and misrepresentations, all “ entirely contrary to the laws, statutes and ordinances of the United States of America, the City of New York and the State of New York.” To say the least, the charges are all-embracing, but they are not stated plainly and concisely without unnecessary repetition, as required by a proper pleading under the provisions of section 241 of the Civil Practice Act. Moreover, plaintiff should observe carefully the precise provisions of section 535 of the Beal Property Law.
It follows, that both causes of action must be dismissed, but the plaintiff will be given leave to serve an amended complaint with respect to said two causes of action.
The second cause of action is for the recovery of alleged overcharges of rent and payments claimed to have been exacted in violation of the Federal rent control laws. It is alleged that at the time that the defendant rented the premises to the plaintiff, on or about June 14, 1945, the defendant required the plaintiff to pay $40 per month instead of $30 per month, the latter being in accordance with the registration statement filed by the defendant with the OPA. The defendant contends that it thus appears on the face of the complaint that part of the alleged overcharges are barred by section 205 of the Housing and Bent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1895; 61 U. S, Stat. 199), which, in part, provides: “ Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction within one year after the date of such violation.”
While it is true that ordinary Statutes of Limitation cannot be the basis for a dismissal of the complaint under rule 106 of the Buies of Civil Practice because it appears on the face thereof that the cause of action is barred by limitations, and the proper motion is to move under rule 107 of the Buies of Civil Practice, or to plead the statute as a bar (First Nat. Bank of Genoa v. American Sur. Co. of N. Y., 239 App. Div. 282), where a statute creates a cause of action unknown at common law, a period of limitation set up in the same statute is regarded as a matter of substance limiting the right as well as the remedy, and the filing of a suit within the prescribed period is a condition precedent to a recovery, and the cause of action is extinguished after the running of the period. (Osborne v. United States of America, 164 F. 2d 767 [C. C. A. 2d], and the cases therein cited.)
It follows that at least so much of the second cause of action, whereunder recovery is sought for overcharges paid more than one year prior to the commencement of the action, must be *840 dismissed by reason of the statute, and since plaintiff is being given the opportunity of repleading the first and third causes of action, she should properly replead that part of the second cause of action which is not barred by the statute. Settle order on notice.