WILSON v. SEAS SHIPPING CO., Inc.

FRANKLIN v. SEAS SHIPPING CO., Inc.

DEMSEY v. SEAS SHIPPING CO., Inc.

KING v. SEAS SHIPPING CO., Inc.

PORTIES v. SEAS SHIPPING CO., Inc.

Civ. A. Nos. 7805, 7794, 7861, 7848, and 7804.

District Court, E. D. Pennsylvania.

June 9, 1948.

Milton M. Borowsky, of Philadelphia, Pa., for plaintiffs.

John B. Shaw, of Philadelphia, Pa., for defendant.

BARD, District Judge.

The defendant has moved the court to decline jurisdiction and to dismiss the complaints in the five captioned cases, which present the same factual background, and which have been consolidated for purposes of the argument on the present motions.

The defendant's motion which asks this court to decline jurisdiction in these cases is based on the doctrine of forum non conveniens. The facts which are of record for the purpose of determining this motion are, briefly stated, as follows:

The plaintiffs were longshoremen who were allegedly injured while in the employ of an independent stevedoring company which had been engaged to unload a cargo of poison gas bombs from a vessel owned by the War Shipping Administration, and serviced by the defendant under a general agency agreement. The unloading was being performed while the vessel was lying at a dock at Theodore, Alabama.

Jurisdiction is founded upon diversity of citizenship, and the complaints allege that the plaintiffs are citizens and residents of the State of Alabama. The defendant is a New York corporation whose local agent was served with process in this district.

The defendant in its argument on the present motion has contended strenuously that if the plaintiffs be permitted to pursue this action in the Eastern District of Pennsylvania, the defendant will be unduly harassed and put to great inconvenience.

The defendant's argument is obviously intended to show that the plaintiffs ought to pursue their remedy against the defendant in the State of Alabama. Counsel for both sides have brought to the attention of the court certain considerations which, in their opinion, would determine the propriety or impropriety of the present forum. In my view of these cases, these considerations are irrelevant on the present state of the record.

I think that the basic infirmity of the defendant's position is that the defendant, while arguing that this case ought to be tried in the State of Alabama, rather than in this district, has neither shown nor conceded that it is subject to suit in the State of Alabama. Mr. Justice Jackson pointed out in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, at page 506, 67 S.Ct. 839, at page 842, 91 L.Ed. 1055, "In all cases in which the doctrine of forum non conveniens comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them." In the instant case, since there is no basis for any presupposition that the defendant is subject to suit in Alabama, this court cannot make any "choice" between this forum and that of the State of Alabama. I will therefore deny the defendant's motion to decline jurisdiction.

I pass now to a consideration of the defendant's motion to dismiss the complaints, which is based on the contention that the present action is barred by the statute of limitations. The rule which was applied in this district in Kraushaar v. Leschin, D.C., 4 F.R.D. 143, and followed by me in Carlisle v. Kelly Pile & Foundation Corp., D.C., 72 F.Supp. 326, is that the defense of statute of limitations may not be raised by motion to dismiss. Therefore, I cannot consider the validity of the defense of statute of limitations at the present time, and will deny the defendant's motion to dismiss based on that ground.