## BERRY v. HELLER.
### Civil Action No. 8156.

District Court, E. D. Pennsylvania.
Aug. 12, 1948.

Thomas J. Clary, of Philadelphia, Pa., for plaintiff.

John P. Jordan, and Melvin Alan Bank, both of Philadelphia, Pa., for defendant.

GANEY, District Judge.

This is an action brought pursuant to section 205 of The Housing and Rent Act[1] of 1947 to recover amounts paid in excess of the legal maximum rental.

---

[1] Act of June 30, 1947, c. 163, Title II, 61 Stat. 199, 50 U.S.C.A.Appendix, § 1895.

On December 1, 1943, the plaintiff agreed to rent defendant's housing accommodations at Forty Five Dollars ($45) a month. This amount was paid by him up unto and including the month of August, 1947. Thereafter he agreed to pay the defendant Fifty One and 75/100 Dollars ($51.75) a month provided the Housing Expediter would subsequently approve it. However, on October 7, 1947, the Expediter, in addition to disapproving the increase, ordered the defendant to refund all amounts collected by him in excess of Thirty Dollars ($30) a month. It was through notice of this order that the plaintiff learned that the defendant's predecessor in title had registered the premises with the Office of Price Administration, which had fixed, under the authority of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 901 et seq., the maximum monthly rental at Thirty Dollars ($30.00) a month. The plaintiff paid Fifty One and 75/100 Dollars ($51.75) in September and October, but thereafter he has tendered the maximum legal rental to the defendant. Upon the defendant's failure to comply with the refund order of August 7, 1947, the plaintiff, on February 5, 1948, brought this action.

The complaint asserts two causes of action. The first demands a refund of the excess amounts paid from February 1, 1947, up to and including October of the same year plus a reasonable attorney's fee and costs, or three times the amount by which the payments accepted by the defendant exceeded the maximum rent. The second cause of action claims a refund of the overpayments paid prior to February 1, 1947, or Five Hundred Seventy Dollars ($570).

Without filing an answer, the defendant has moved to dismiss the complaint because it fails to state a claim upon which relief may be granted.

■ Section 205 of the Housing and Rent Act of 1947, which makes a person liable for accepting any payment of rent in excess of the legal maximum, provides; "Suit to recover such amount may be brought in any Federal, State, or Territo-rial court of competent jurisdiction within one year after the date of such violation." Each time defendant accepted an amount in excess of Thirty Dollars ($30) a month, he violated the Act thereby making himself liable in damages, independent of any refunding order, to the plaintiff. But such liability may be enforced only within a year of the violation. Consequently only those overpayments which were made in the year immediately preceding February 5, 1948, the date this suit was brought, may be recovered herein.

In citing Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624, the plaintiff points out that the one-year statute of limitations begins to run when the time prescribed in a refund order, within which repayment is to be made, has elapsed. The cited case is not controlling here, for the housing accommodation there in question was not registered, whereas in our case, the housing and rent regulations with respect to registration had been complied with. Therefore, as we have indicated, a duty was cast upon the defendant to make a refund upon each acceptance by him of an overpayment. He was relieved of this duty upon the plaintiff's failure to enforce it within one year of the particular overpayment. Once the duty had expired, it could not be resurrected by a refund order of the Housing Expediter.

■■ Plaintiff brings to our attention that under Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the defense of the statute of limitations is designated as an affirmative defense. He contends, therefore, that such defense may be raised only by answer. Depending on the type of the particular statute of limitations, there appears to be some authority for this contention in this district.[2] But, where, as here, the statute creating the liability also sets the time within which an action may be brought to enforce it, the bringing of a suit within that time is an indispensible requirement to the maintenance of the action. That is, if suit is not brought within the time specified, the right of action itself is extinguished in addition to the rem-

---

[2] See Kraushaar v. Leschin, D.C.E.D. Pa., 4 F.R.D. 143; Carlisle v. Kelly Pile & Foundation Corporation, D.C.E.D.Pa., 72 F.Supp. 326; Wilson v. Seas Shipping Company, Inc., D.C.E.D.Pa., 78 F. Supp. 464.

edy being no longer available. Matheny v. Porter, 10 Cir., 158 F.2d 478, 479; Bowles v. American Distilling Co., D.C.S.D.N.Y. 62 F.Supp. 20, 22. If the complaint, in cases of this character, does not show on its face that the overpayments sought to be recovered were made within the time an action may be maintained, it is incumbent upon this court to point out the defect even though the defendant fails to do so.

Accordingly, with respect to those overpayments made within the year immediately preceding February 5, 1948, the defendant's motion is denied; as for the remaining overcharges, the motion is allowed.