INTERSTATE LIEN CORPORATION, Plaintiff, v. FAMILY SERVICE SOCIETY OF BUFFALO, Defendant, and COUNTY OF ERIE et al., Appellants. ELIJAH W. HOLT, Special Guardian and Special Attorney, Respondent.— Order reversed on the law and facts, without costs of this appeal to any party and matter remitted to the Erie County Court for further proceedings in accordance with the memorandum. Memorandum: We are not purporting to say that the amounts allowed for services are not proper, but feel that the court should take oral testimony to establish the character and extent of the services performed in connection with his representation of unknown infants and incompetents who might be affected by said actions and as special attorney for such defendants who might be in the military service, as distinguished from the services performed under respondent's written retainer for the Fitch heirs named as defendants. All concur. (The order grants allowances to an attorney as special guardian and as attorney for defendants who might be in the armed services, in four actions to foreclose city and county tax sales certificates.) Present — Taylor, P. J., McCurn, Larkin, Love and Vaughan, JJ.

MICHAEL TROISI, Respondent, v. CENTRAL TRUST COMPANY, Appellant.— Order affirmed, with $10 costs and disbursements. All concur. (The order denies defendant's motion to dismiss the complaint in an action to recover damages alleged to have been sustained by plaintiff by reason of the negligent operation and maintenance of a "Night Depository" from which a deposit made by plaintiff was stolen.) Present — Taylor, P. J., McCurn, Larkin, Love and Vaughan, JJ.

In the Matter of JEROME VERWEIRE, Respondent, against ELBERT D. FINCH, as Supervisor and Commissioner of Police of the Town of Gates, Monroe County, et al., Appellants.— Final order reversed on the law and facts and a new trial granted with costs to appellant to abide the event. Memorandum: The petitioner's rights under section 22 of the Civil Service Law depend upon whether his appointment in the first instance was in accordance with the Constitution and the Civil Service Law. The stipulation submitted to the Special Term does not in our opinion contain sufficient facts to permit a determination as to the legality of his appointment. The order appealed from is, therefore, reversed and a new trial granted. All concur. (The order directs the reinstatement of petitioner as special policeman for the Town of Gates, with payment of his salary from January 1, 1948, to the date of his reinstatement.) Present — Taylor, P. J., McCurn, Larkin, Love and Vaughan, JJ.

HELEN KUROWSKI, Appellant, v. INTERNATIONAL RAILWAY COMPANY, Respondent.— Judgment affirmed, without costs of this appeal to either party. All concur, except Larkin, J., who dissents and votes for reversal and for granting a new trial. (The judgment is for defendant for no cause of action in a negligence action.) Present — Taylor, P. J., McCurn, Larkin, Love and Vaughan, JJ.

JOHN PIZZO, Respondent, v. JOHN M. GOGEL, Appellant. BENNY PIZZO, Respondent, v. JOHN M. GOGEL, Appellant.— Order affirmed, with costs. All concur. (The order grants motions of plaintiffs to set aside the verdicts of no cause of action and for a new trial in two automobile negligence actions.) Present — Taylor, P. J., McCurn, Larkin, Love and Vaughan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES BABCOCK, Appellant.— Judgment of conviction affirmed. All concur. (The judgment convicts defendant of the crimes of grand larceny, second degree, and perjury, second degree.) Present — Taylor, P. J., Larkin, Love, Vaughan and Kimball, JJ.