Judgment and order reversed on the law, with costs, and plaintiff’s motion denied, *835 with $10 costs, with leave to defendant to move within ten days on proper papers, if so advised, for leave to serve an amended answer setting up any affirmative, defenses he may have in the nature of accord and satisfaction. Memorandum; This is an appeal from an order and judgment on plaintiff’s motion under rule 104 of the Rules of Civil Practice striking out defendant’s answer as a sham and awarding plaintiff the relief demanded in the complaint in the amount of $653, with interest; The action, commenced on February 23, 1949, was brought under section 205 of the Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1895) to recover treble damages for alleged monthly overcharges for this period of forty-four months, together with $125 in attorney’s fees. The section of the act upon which the present suit is brought not only limits the remedy to the period of one year immediately prior to the commencement of the action, but also creates the very substance of the right. Hence, the right no less than the remedy is limited to the statutory period of one year, with the result that the limitation of time need not be affirmatively pleaded by defendant. (Berry v. Heller, 79 F. Supp. 476; Citrone v. Palladino, 77 N. Y. S. 2d 489.) Moreover, defendant is entitled to litigate the question of what constitutes a reasonable attorney’s fee. (Interstate Lien Corp. v. Family Service Soc. of Buffalo, 274 App. Div. 1026 [4th Dept.]). The answer should not, therefore, have been stricken out as a sham. All concur. (The judgment appealed from is for plaintiff in an action under the Emergency Price Control Act of 1942 as amd. [U. S. Code, tit. 50, Appendix, § 901 et seq.]. The order granted plaintiff’s motion to strike out defendant’s answer and directed judgment for plaintiff and denied defendant’s motion for leave to serve an amended answer.) Present — -Taylor, P. J., MeCurn, Love, Vaughan and Kimball, JJ.