### HENNEMAN, Plaintiff-Appellant, v. VAUGHAN, Defendant-Appellee.

Common Pleas Court, Hamilton County.

No. A-120480. Decided November 1, 1950.

Robert L. Young, Cincinnati, for plaintiff-appellant.
Prentice Clay Wilson, Cincinnati, for defendant-appellee.

## OPINION

By WEBER, J.

This case is before this court on an appeal from the Municipal Court case No. 477087. The sole question of law is whether the Municipal Court properly sustained a demurrer to the Bill of Particulars on the ground that it was manifest

that the action was not brought within the time limited for the commencement of such actions.

The Bill of Particulars was filed on December 28, 1949. The action was for the recovery of excessive rents collected by the defendant and the penalty provided therefor. The Bill of Particulars sets forth that the last overcharge of rent was made on December 25, 1948. It is further alleged that under authority of Emergency Price Control Act of 1942, and as amended and supplemented, and the regulations promulgated thereunder, and the Housing and Rent Act of 1947, and as amended, and the regulations promulgated thereunder by the housing expediter, on December 28, 1948, an order was issued by the rent director for the Cincinnati Area decreasing the rent * * *. It is further alleged that said order stated:

"Any rent collected from the effective date of this order in excess of the amount provided in this order shall be refunded to the tenant within thirty days from the date this order is issued unless the refund is staid * * *."

The Bill of Particulars further alleges that in direct violation of the order the defendant had refused to make the refund to the plaintiff.

The Municipal Court apparently based its conclusion that the one year statute of limitations began to run from the time of the overcharge, that is, from December 25, 1948, and prior thereto, and not from the time of the defendant's failure to make the refund within thirty days after the date said order of refund was issued, namely, December 28, 1948.

The identical question was decided March 15, 1948, in Woods; Housing Expediter v. Stone, 333 U. S., 472, from which we quote as follows:

"1. The one-year period of limitations prescribed by Section 205 (e) of the Emergency Price Control Act of 1942 as amended, on an action against a landlord on account of an overcharge in rent of property which the landlord had failed to register as required by rent regulations, begins to run not from the date of payment of the rent but from the date of the landlord's failure to comply with a refund order."

Page 447:

"The duty to refund was created and measured by the refund order and was not breached until that order was disobeyed. * * * It was from the violation which occurred when

the order was not obeyed within the required time that the statute of limitations commenced to run."

The Bill of Particulars in this case was filed on December 28, 1949, which is less than one year after thirty days after the date on which the order to refund was issued, namely, December 28, 1948.

The demurrer to the Bill of Particulars should have been overruled.

It is therefore ordered, adjudged and decreed that the decision of the Municipal Court sustaining the demurrer to the Bill of Particulars is reversed and the case should be and is hereby remanded to the Municipal Court for further proceedings according to law and the holding in this opinion.