## SHOCKLEY et ux. v. WINKLER et ux.
### No. 13381.

United States Court of Appeals,
Fifth Circuit.

May 20, 1952.

928

George A. Brautigam, Miami, Fla., for appellants.

Samuel J. Kanner, Stuart W. Patton, Miami, Fla., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

STRUM, Circuit Judge.

In a tenant's action pursuant to sec. 205 of the Housing and Rent Act of 1947, now incorporated in 50 U.S.C.A.Appendix, § 1895, the trial court found that on a lease of a rent controlled apartment owned by the defendant landlords, extending from October 20, 1947, to June 1, 1948, the plaintiff tenants paid the defendant landlords $1350 as rent, which sum was $1035 in excess of the maximum allowed by sec. 204(b) of said Act.

The trial court found that though the violation was not "wilful," the landlords failed to take practical precautions against occur-

rence of the violation. Plaintiffs were awarded judgment for $2070, which was twice the amount of their overpayment, plus attorney's fees of $407, and costs.

The trial court further ordered that unless said sums be paid within thirty days "plaintiffs shall have execution against the defendants" and the demised property "shall be subject to the payment of said decree and shall be sold under the direction of this court * * *." From this judgment the defendant landlords appeal.

The lease in question is dated October 1, 1947, and recites that the demised term commences on October 20, 1947. Although it is not mentioned in the lease, the evidence shows that on October 1, 1947, when the lease was executed, the tenants paid the landlords' agent $930 in cash, for which no receipt was issued, plus $60 representing the first month's rent, a total payment of $990 on October 1, 1947. This sum, together with six subsequent monthly payments, of $60 each, from November, 1947, through April, 1948, aggregates $1350 for the seven-month period. During this period the maximum rent allowed was $45 per month.

This suit was commenced October 6, 1948, against Walter Shockley. His wife, Addie, was brought in by an amended complaint filed June 29, 1949. Sec. 205 of the Act, supra, provides that overcharges may be recovered by suit brought "within one year after the date of such violation." The landlords, appellants here, contend that since the $930, plus the first month's rent of $60, aggregating $990, was paid on October 1, 1947, and suit was not brought until October 6, 1948, appellees are too late. Appellees, on the other hand, contend that since the term did not commence until October 20, 1947, and since possession of the premises was not delivered to them until October 16, 1947, both within one year of suit, they are in time. They contend that payment of the money on October 1, 1947, did not alone constitute a "violation," but that the violation occurred when possession was taken on October 16, 1947.

A violation within the meaning of sec. 205, supra, occurs when excessive rent is demanded, accepted or received by the landlord, regardless of when the tenant occupies the premises. A cause of action predicated thereon accrues on the date of the overcharge, and suit must be brought within one year thereafter. Berry v. Heller, D.C., 79 F.Supp. 476; Matheny v. Porter, 10 Cir., 158 F.2d 478; · Paray Realty Corp. v. Goodwine, 194 Misc. 538, 90 N.Y.S. 2d 181; Citrone v. Palladino, Sup., 77 N.Y.S.2d 489. This bars any recovery based upon the $990 payment on October 1, 1947.

As to the six monthly payments of $60 each, from November, 1947, through April, 1948, however, the matter stands differently. These are all within one year of the commencement of suit against Walter Shockley. None of them, however, is within a year of the time Addie J. Shockley became a party defendant on June 29, 1949, for which reason there can be no recovery against her. Each of these $60 payments involves an excessive payment of $15, for which plaintiffs are entitled to recover as against Walter Shockley. As the district judge, supported by the evidence, has found that Shockley failed to take practical precautions against occurrence of the violation, plaintiffs would be entitled to recover three times [1] the amount of these excessive payments, together with reasonable attorney's fees, and costs. It appears to us that the violation was also wilful, as the Shockleys instructed their rental agent how much to charge.

Although, in the enforcement of their judgment plaintiffs are entitled to the usual and ordinary processes for the enforcement of money judgments generally, they are not in an action of this nature entitled to a decree specifically subjecting the demised property thereto, and ordering its sale, as in the case of the enforcement in equity of a specific lien created by the voluntary act of the parties themselves. In this action only the jurisdiction at law of the district court was invoked by private

---

1. This action was commenced prior to the amendment of July 31, 1951, which changed this language to read: "not more than" three times, etc. Previously, the statute read "three times the amount", etc.

individuals seeking a money recovery personal to them, thus differing fundamentally from Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, where equity jurisdiction was invoked by the Administrator, acting in the public interest, and it was held competent, as an adjunct of the equitable relief sought, for the equity court to also award restitution of excess rents. This holding rests upon the familiar doctrine that where equity has properly assumed jurisdiction, it has the power to decide all relevant matters and to do complete justice between the parties, even to granting relief ordinarily cognizable only at law. But that doctrine is not applicable in this action solely at law.

The judgment is reversed, and the cause remanded for further proceedings consistent herewith.

Reversed and remanded.