**HUFF et, Plaintiffs, v. SPRUANCE, Defendant.**

Common Pleas Court, Fayette County.

No. 21585.   Decided October 16, 1953.

Reed M. Winegardner, Washington, C. H., for plaintiffs.
Winston W. Hill, Hill & Hill, Washington, C. H., for defendant.

## OPINION

By CASE, J.

### DECISION GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE

The Court, coming now to consider Defendant's motion, herein filed on August 14, 1953, seeking an order of this Court striking certain allegations from Plaintiffs' petition, and upon due consideration thereof and being fully advised in the premises, finds.

1. That Plaintiffs' petition was filed herein on April 20,

12

1953, and set forth certain causes of action therein as follows:

"FIRST CAUSE OF ACTION

"Plaintiffs say there is due them, by the defendant, the sum of $450.00 for house rent over-charges paid to defendant, by plaintiffs, for the occupancy of the residence property, owned by defendant, at 634 Gibbs Avenue, Washington C. H., Ohio, from May 21, 1948, to November 21, 1950, being a total of 30 months of rent over-charge at the rate of $15.00 per month; that the rental and occupancy of said residence property, owned by the defendant, as listed herein, was a housing accommodation subject to the Housing and Rent Control Act of 1947 as Amended, passed by the Congress of the United States and approved by the President, and was located in the Washington Court House Defense Rental area.

"Plaintiffs further say that on September 9, 1952, an Order was made, in writing, by John B. Barton, Area Rent Director, Columbus, Ohio, within whose jurisdiction the Washington Court House Defense Rental Area was and is located, directing a reduction, after due consideration, in the monthly rental rate of the residence property located at said 634 Gibbs Avenue. Washington C. H., Fayette County, Ohio, effective as of February 1, 1947, from $25.00 per month, to $10.00 per month; that plaintiffs have made demand on defendant for a refund of said alleged rent-overcharges, paid by them, for the occupancy of said property, during the period from May 21, 1948, to November 21, 1950, in the total amount of $450.00, but the same has been refused.

"SECOND CAUSE OF ACTION

"Plaintiffs further say there is due them, from the defendant, the sum of $304.50 for house rent over-charges, paid to defendant, by plaintiffs, for the occupancy of the residence property, owned by defendant and located at 620 Rose Avenue, Washington C. H., Fayette County, Ohio, during the period from November 21, 1950, to September 21, 1952, being for a period of 21 months of actual rental payments, at an over-charge rate of $14.50 per month; that the rental and occupancy of the said residence property, owned by the defendant, as listed herein, was a housing accommodation subject to the Housing and Rent Control Act of 1947, as Amended, passed by the Congress of the United States and approved by the President, and was located in the Washington Court House Defense Rental Area.

"Plaintiffs further say that on September 9, 1952, an Order was made, in writing, by John B. Borton, Area Rent Director, Columbus, Ohio, within whose jurisdiction the Washington

Court House Defense Rental Area was and is located, directing reduction, after due consideration, in the monthly rental rate of the residence property located at said 620 Rose Avenue, Washington C. H., Fayette County, Ohio, effective as of February 1, 1947, from $27.00 per month, to $12.50 per month, to cover the period from November 21, 1950, to September 21, 1952; that plaintiffs have made demand on the defendant for a refund of said alleged rent-overcharges, paid by them, to the defendant, for the occupancy of said residence property, during the period from November 21, 1950, to September 21, 1952, in the total amount of $304.50, but the same has been refused.

"WHEREFORE, plaintiffs pray for a Judgment against the defendant for $753.50 for rent over-charges plus $1509.00 for liquidated damages, for failure to refund the excess over the maximum rent, which could lawfully be retained and for reasonable attorneys fees and costs as determined by the Court, and for such other and further relief as may be provided by law."

2. That, by leave of court first had and obtained, Defendant filed a motion to the aforesaid petition on August 14, 1953, which reads as follows:

"Now comes the defendant and moves the court for an order striking the entire second paragraph of the First Cause of Action from the petition of the plaintiffs, and a further order striking the entire second paragraph of the Second Cause of Action from the petition of the plaintiffs."

3. That, by leave of court first had and obtained, Plaintiffs filed a brief contra the aforesaid motion on October 13, 1953, setting forth certain portions of the Housing and Rent Act of 1947 as amended together with pertinent provisions of Section 205 of the Act, and citing the case of **Dunaway v. Torline, 61 Abs 401.**

4. That Plaintiffs' action is brought pursuant to said section of The Housing and Rent Act of 1947, as amended, to recover amounts paid in excess of the legal maximum rental.

5. That the excess amounts so claimed by Plaintiffs are founded upon an alleged rental reduction order of the Area Rent Director as of September 9, 1952.

6. That said section as amended provides in part as follows:

"(a) Any person who demands, accepts, receives, or retains any payment of rent in excess of the maximum rent prescribed under the provisions of this Act, or any regulation, order, or requirement thereunder, shall be liable to the person from whom such payment is demanded, accepted, received, or retained (or shall be liable to the United States as herein-

after provided) for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amounts of (1) $50, or (2) not more than three times the amount by which the payment or payments demanded, accepted, received, or retained exceed the maximum rent which could lawfully be demanded, accepted, received, or retained, as the court in its discretion may determine, whichever in either case may be the greater amount: **Provided,** That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation."

7. That said section also provides in part as follows:

"Suit to recover liquidated damages as provided in this section may be brought in any Federal court of competent jurisdiction regardless of the amount involved, or in any State or Territorial court of competent jurisdiction, within one year after the date of violation:"

8. That Plaintiffs' first cause of action seeks to recover from Defendant $450 as rental overcharges for the period from May 21, 1948 to November 21, 1950, together with damages and reasonable attorney fees.

9. That Plaintiffs' second cause of action seeks to recover $304.50 as rental overcharges for the period from November 21, 1950 to September 21, 1952, together with damages and reasonable attorney fees.

10. That Defendant's motion to strike the second paragraph of each of the aforesaid causes of action does not expressly refer to or specifically raise the time limit within which action may be brought to enforce recovery of the amounts so claimed by Plaintiffs.

Due consideration of Plaintiffs' petition, Defendant's motion and the provisions of law applicable thereto, discloses that the element of "time," as related to the causes of action alleged in Plaintiffs' petition, constitutes the most predominant question of law to be determined in disposing of the issues now raised and pending in this proceeding.

It is clear that the amounts which Plaintiffs seek to recover are computed upon the basis of rental payments made over **time periods** of 30 months and 21 months, respectively.

It also clearly appears from the face of Plaintiffs' petition that, **at the separate and several times of payment and receipt of said rentals,** said respective rentals so paid and received were not then excessive nor in violation of any of the provisions of said Housing and Rent Control Act.

It further appears, from the express and specific provisions of the very statute under which Plaintiffs are seeking recovery herein, that a tenant may not recover thereunder unless suit therefor is instituted within **the stated time of one year** after the date of the alleged violation.

It further appears from the face of Plaintiffs' petition that no rental payments were offered by Plaintiffs nor received by Defendant **at any time after September 9, 1952,** which was the date of the Area Rent Director's rental reduction order as alleged in the second paragraph to each of the aforesaid causes of action. It also appears from the face of Plaintiffs' petition that each of the aforesaid second paragraphs, herein sought to be stricken by Defendant's motion, purport to set forth those specific allegations without which Plaintiffs' peti-tion·would completely fail to allege or imply any violation of said Act.

It further appears that said second paragraphs of Plain-tiffs' causes of action specifically allege that the Area Rent Director's order of September 9, 1952, "was made" "directing a reduction" "in the monthly rental rate" etc. and "that plain-tiffs have made demand on defendant for a refund of said alleged rent-overcharges, paid by them" etc.

It is noted that said second paragraphs do not specifically aver or allege that said September 9, 1952 order of the Area Rent Director either directed or required refund of the amount of rental sought to be recovered by Plaintiffs; but merely alleged that Plaintiffs had made demand upon Defendant for such refunds and thereby Plaintiffs imply that such refund was expressly and specifically ordered by the Area Rent Di-rector on September 9, 1952.

Therefore, it is clear from the face of Plaintiffs' petition that (1) Plaintiffs do not allege that any monthly rentals were paid after the time said rental-reduction order was dated and issued, and (2) that Plaintiffs do not allege that said order of September 9, 1952, either specifically directed or expressly ordered the refunds herein claimed and demanded by Plain-tiffs.

Plaintiffs' petition therefore clearly admits no violation prior to September 9, 1952; fails to allege any excessive pay-ments made and received on or after September 9, 1952; and also fails to allege that any provision of said order of Sep-tember 9, 1952, either expressly or specifically directed and or-dered refunds of any amounts as claimed by Plaintiffs herein.

In the light of the facts and law herein above set forth, this Court must now consider whether or not the statutory limitation of one year, as expressly set forth in the section

under which Plaintiffs are seeking to effect recovery, is applicable to either or both causes of action alleged in Plaintiffs' petition; and whether or not this Court should point out and determine the application thereof even though Defendant's motion fails to raise this question.

In the case of Berry v. Heller, 79 Federal Supplement 476, decided by the United States District Court, E. D. Pennsylvania, August 12, 1948, we find a somewhat similar factual situation. The headnotes thereto read as follows:

"1. A lessor of housing accommodations, registered with Office of Price Administration, became liable in damages for violation of Housing and Rent Act each time that he accepted amount exceeding maximum monthly rental fixed by' such office, but such liability was enforceable only within year after each violation, so that tenant could recover only amounts of overpayments made in year immediately before date on which suit therefore was brought, **notwithstanding refund order** made by Housing Expediter within such period. Emergency Price Control Act of 1942, as amended, 50 U. S. C. A. Appendix No. 901 et seq.; Housing and Rent Act of 1947, No. 205, 50 U. S. C. A. Appendix, No. 1895.

"2. Where statute creating liability sets time within which action may be brought to enforce it, as in case of 1947 Housing and Rent Act, **bringing of suit within such time is indispensable prerequisite to maintenance thereof, and defense of statute of limitations need not be raised by answer.** Housing and Rent Act of 1947, No. 205, 50 U. S. C. A. Appendix, No. 1895; Federal Rules of Civil Procedure, rule 8 (c), 28 U. S. C. A. following section 723c.

"3. Where the complaint in tenant's action to recover amounts paid landlord in excess of legal maximum monthly rentals does not show on its face that overpayments were made within year before commencement of action, as required by Housing and Rent Act, **District Court must point out such defect, though defendant fails to do so by answer.** Housing and Rent Act of 1947, No. 205, 50 U. S. C. A. Appendix, No. 1895; Federal Rules of Civil Procedure, rule 8(c), 28 U. S. C. A. following section 723c." (Emphasis added.)

It is also noted that District Judge Ganey made the following comments and distinguished between the facts and law in that case and the decision of the majority members of the Supreme Court of the United States in Woods v. Stone, infra:

"* * * But such liability may be enforced only within a year of the violation. Consequently only those overpayments which were made in the year immediately preceding February 5, 1948, the date this suit was brought, may be recovered herein.

"In citing Woods v. Stone, 333 U. S. 472, 68 S. Ct. 624, the plaintiff points out that the one-year statute of limitations begins to run when the time prescribed in a refund order, within which repayment is to be made, has elapsed. The cited case is not controlling here, for the housing accommodation there in question was not registered, whereas in our case, the housing and rent regulations with respect to registration had been complied with. Therefore, as we have indicated, a duty was cast upon the defendant to make a refund upon each acceptance by him of an overpayment. He was relieved of this duty upon the plaintiff's failure to enforce it within one year of the particular payment. Once the duty had expired, it could not be resurrected by a refund order of the Housing Expediter.

"Plaintiff brings to our attention that under Rule 8(c) of the Federal Rules of Civil Procedure, 28 U. S. C. A. following section 723c, the defense of the statute of limitations is designated as an affirmative defense. He contends, therefore, that such defense may be raised only by answer. Depending on the type of the particular statute of limitations, there appears to be some authority for this contention in this district. But, where, as here, the statute creating the liability also sets the time within which an action may be brought to enforce it, the bringing of a suit within that time is an indispensable requirement to the maintenance of the action. That is, if suit is not brought within the time specified, the right of action itself is extinguished in addition to the remedy being no longer available. Matheny v. Porter, 10 Cir., 158 F. 2d 478, 479; Bowles v. American Distilling Co., D. C. S. N. Y. 62 F. Supp. 20, 22. If the complaint, in cases of this character, does not show on its face that the overpayments sought to be recovered were made within the time an action may be maintained, it is incumbent upon the court to point out the defect even though the defendant fails to do so.

"Accordingly, with respect to those overpayments made within the year immediately preceding February 5, 1948, the defendant's motion is denied; as for the remaining overcharges, the motion is allowed." (Berry v. Heller, 79 F. Supp 476 at pages 477, 478.)

It is also significant to note that the case of Berry v. Heller, supra, was before Judge Ganey upon defendant's motion therein filed to dismiss plaintiff's complaint because it failed to state "a claim upon which relief may be granted."

It must also be noted that the differences in fact and law which distinguish Berry v. Heller, supra, and the instant case from Woods v. Stone, supra, are also applicable in distinguishing the instant case from Henneman v. Vaughn, 97

N. E. 2d 725, 60 Abs 19, decided by the Court of Common Pleas of Hamilton County, Ohio, November 1, 1950. The headnotes thereof read as follows:

"Irwin Henneman, tenant, sued Edna Vaughn, landlord, to recover for excessive rents collected by defendant. The Municipal Court sustained a demurrer to the bill of particulars on the ground that the action had not been brought within the time limit for the commencement of such actions, and plaintiff appealed. The Court of Common Pleas, Weber, J., held that since the bill of particulars had been filed less than one year after 30 days after the date on which an order to refund had been issued by the Rent Director, the demurrer should have been overruled.

"Reversed and remanded with directions.

"The one year statute of limitations on an action for the recovery of a rent overcharge began to run not from the date of payment of the rent but from the date of the landlord's failure to comply with the rent director's order of refund, and therefore trial court erred in sustaining landlord's demurrer to action brought for recovery of excess rent where that action was commenced less than one year after 30 days after date on which order to refund was issued. Housing and Rent Act of 1947, as amended, 50 U. S. C. A. Appendix, No. 1881 et seq.; Emergency Price Control Act of 1942, as amended, 50 U. S. C. A. Appendix, No. 901 et seq."

It is to be also noted that Judge Weber made the following comment on the facts and law applicable to the issues before him in that case as follows:

"The identical question was decided March 15, 1948, in Woods, Housing Expediter v. Stone, 333 U. S. 472, 68 S. Ct. 624, 92 L. Ed. 815, from which we quote as follows: '1. The one-year period of limitations prescribed by No. 205(e) of the Emergency Price Control Act of 1942, as amended, on an action against a landlord on account of an overcharge in rent of property which the landlord had failed to register as required by rent regulations, beings to run not from the date of payment of the rent but from the date of the landlord's failure to comply with a refund order.' "

It is therefore clear that the defendant in Woods v. Stone, supra, and Henneman v. Vaughn, supra, had violated and had continued to violate certain provisions of the Act for continuing periods of time immediately prior to the making and issuing of the Area Rent Director's order upon which their respective suits for recovery were sought to be maintained. However, such facts are not alleged and do not appear to exist in the instant case before this Court, as evidenced by Plain-

tiffs' petition herein; and, by reason of such distinguishable facts, this Court is of the opinion that such clear distinctions of law and fact require it to follow those principles of law declared and established by District Court Judge Ganey in the case of Berry v. Heller, supra, as hereinabove set forth and discussed.

The soundness of legal logic and the ends of justice to be served by the application of the legal principles established in the case of Berry v. Heller, supra, are illustrated and supported to a considerable degree by the decision of Judge McNamee, Common pleas Court, Cuyahoga County, Ohio, in the case of **P. J. Stritzinger v. D. C. Improvement Company, 36 O. O. 76,** which was later affirmed by the Court of Appeals for that district. Judge McNamee's decision reads as follows:

"The observations which follow indicate the reasons supporting the decision reached in the above entitled cause.

"In his supplemental petition plaintiff narrows his base of recovery to the contention that defendant's failure to refund excess rent collected between October, 1943, and February, 1944, constitutes a violation of Section 205(e) of the Emergency Price Control Act. Plaintiff's claim for treble damages rests upon a postulate that would transmute the failure to refund into a violation of an applicable maximum price regulation. Plaintiff's argument, supporting this claim, is ingeniously made.

"The mischief sought to be prevented by Section 205(e) is the charging of prices in excess of existing maximum price regulations. Manifestly where a regulation prescribes a maximum price the acceptance of a consideration in excess thereof constitutes a violation. If a consideration is accepted under circumstances where no maximum price is then applicable, no violation occurs. In the latter event, a subsequent promulgation of a regulation establishing a maximum price retroactively imposes the duty upon a landlord to refund the excess collected in the interim between the effective date of the regulation and the time of its adoption. The amount to be refunded does not constitute an 'overcharge' as that term is used in Section 205(e). The amount of the refund represents a sum conditionally but lawfully received at the time it was collected. The landlord had a right to collect this excess. He violated no provisions of law in so doing. He made no 'overcharge' at the time the rents were collected. The term 'overcharge' as used in 205(e) means the amount of consideration received in excess of a **then** applicable maximum price.

"Plaintiff suggests that a refund by a violator does not operate to release him of liability. The correctness of this

proposition can not be challenged. One who violates an existing price regulation can not escape the consequences of his act by restoring the excess consideration received. A refund of the over-charges does not expunge guilt. The failure or refusal to make a refund of an overcharge is not an ingredient of the offense. How then can the failure to refund excess considerations which were lawfully collected constitute an offense under Section 205(e) .in the absence of a statutory provision to that effect? Concededly a refund does not impart legality to an act which the statute makes unlawful. Nor does the mere failure to make a refund of considerations received under authority of law but subsequently determined to have been excessive become a violation of Section 205(e) unless the statute so provides.

"Plaintiff's present contention is irreconcilable with the allegations of multiple violations set forth in his petition. Defendant's only dereliction was his failure to refund within thirty days after the maximum rent was fixed. A determination that such failure constituted several separate overcharges necessarily would rest upon the assumption that the several previous collections of rent were in excess of a then applicable maximum price. This is contrary to the facts. The several collections of rent in question were in amounts which defendant was expressly authorized to receive. No overcharges were made at the times the rentals were collected. Nor can the failure to refund be considered as a single violation. The retention of excess rentals which were lawfully received is not an act, nor does it constitute conduct prohibited by the terms of 205(e).

"Further comment is unnecessary. The petition of plaintiff is dismissed at his costs. If plaintiff desires the court to act upon his request for special findings, the court will do so, but suggests that counsel for each side prepare and submit suggested findings for the court's approval. No determination is here made as to plaintiff's right, if any, to collect the amount of the refund from the defendant."

The similarity between the issues involved in P. J. Stritzinger v. D. C. Improvement Co., supra, and Plaintiffs and Defendant in the instant proceeding are so obvious that this Court deems further comment at this time to be unnecessary.

At this point in its consideration of the issues raised herein this Court feels constrained to cite a case wherein the United States brought actions against three landlords for injunctions against, restitution of, and triple damages for, excessive rent collections as reported in the case of United States v. Bize et al., 86 F. Supp. 939, United States District Court, D. Nesbraska,

Lincoln Division, September 2, 1949. In that case, District Judge Delehant's comment and summary upon the issues therein reads as follows:

"The question is whether, under that section, by virtue of the 1949 amendment, the United States may demand judgment based wholly or in part upon over-charges in rents exacted before the filing of suit therefor. **In the court's tentative opinion that question should be answered negatively.**" (86 F. Supp. at page 946.) (Emphasis by the court.)

Beginning at the bottom of page 947 (86 F. Supp.), Judge Delehant directed his discussion to the retroactive aspects of the Act and commented in part as follows:

"A familiar rule of statutory construction, which need not be too insistently labored here, declares that, unless the contrary fairly appears by express declaration or necessary implication from the language of a statute, it will be presumed and considered to have only a prospective, and not a retroactive, operation. Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457; Claridge Apartments Co. v. Commissioner of Internal Revenue, 323 U. S. 141, 65 S. Ct. 172, 89 L. Ed. 139; Big Diamond Mills Co. v. United States, 8 Cir., 51 F. 2d 721; Ford v. Cotter, 8 Cir., 33 F. 2d 875. The presumption is clearly against retroactivity. And it is particularly strong when an antecedent operation would visit a theretofore nonexistent harshness upon any person or group of persons.

"Nowhere in the section of the statute under review is there any language declaring its retrospective operation. And nothing in the Act of 1949, necessarily or even reasonably, implies such operation. Its purpose is equally, and it may be argued better, served by an entirely prospective application. The final section of the Act declares that it 'shall become effective on the first day of the first calendar month following the month in which it is enacted.' And that day was April 1, 1949, two days after its approval."

In addition to the foregoing cases, we must note with equal interest the case of Woods v. Haydell et al., 178 Fed. Reporter 2d 914, wherein Tighe E. Woods, Housing Expediter, brought action against Carrie Haydell and husband for restitution and damages for rent overcharges and for an injunction. The case was heard before Holmes, McCord, and Waller, Circuit Judges of the United States Court of Appeals, Fifth Circuit, and their decision thereon was written by Judge Waller on December 16, 1949, which reads in part as follows:

"In this suit against a married woman the Expediter sought restitution and damages under the Emergency Price Control Act of 1942, 50 U. S. C. A. Appendix, No. 901 et seq., and an in-

junction pursuant to the Housing and Rent Act of 1947, 50 U. S. C. A. Appendix, No. 1881 et seq. When, to this action, the lessor pleaded coverture, the complaint was amended to include the husband, in conformity with the statutes of Texas.

"Prior to May 18, 1945, the lawful rent was $8.00 per week: on this date it was ordered reduced to $3.25 per week. The Court found that, nevertheless, $8.00 per week was, contrary to the reduction order, collected from all tenants except one, from whom $6.00 per week was collected. The Expediter herein seeks damages, retroactively, for overcharges collected prior to the reduction order. This cannot be done. **Neither damages nor overcharges can be lawfully assessed against a landlord for having collected rent which, when collected, was lawful. The Expediter is not entitled to collect as overcharges or damages rents lawfully fixed and collected prior to the reduction order. A reduction order, standing alone, does not make unlawful that which was lawful at the time it was done.** (178 Fed. Reporter 2d at page 915.) (Emphasis by the court.)

And we also note with equal interest the detailed analysis in the decision reached by District Judge Davidson, United States District Court, N. D. Texas, Forth Worth Division, Jan. 19, 1950, in the case of United States v. Steagall et al. 88 F. Supp. 98, and the summary of the principles of law therein determined as reflected in the first four headnotes thereto which read as follows:

"Provision of the Housing and Rent Act of 1947 that suit to recover rental overcharge may be brought in any federal, state, or territorial court of competent jurisdiction within one year after date of violation of the act, is a statute of jurisdiction and not a statute of limitation. Housing and Rent Act of 1947, No. 205, 50 U. S. C. A. Appendix, No. 1895.

"Any suit brought after date of Federal Housing and Rent Act of 1947 to recover rental overcharges, must be brought under that act, rather than under prior acts, having no saving clause. Housing and Rent Act of 1947, No. 1 et seq., 50 U. S. C. A. Appendix, No. 1881 et seq.

"Whenever the legislative branch of the government enters a field and enacts a law, both existing law and equity must conform thereto.

"In suit against landlord by Housing Expediter under the Housing and Rent Act of 1947 to compel restitution for tenants charged excess rentals, Housing Expediter had right to recovery, limited to a period of one year dating from the filing of the suit. Housing and Rent Act of 1947, No. 1 et seq., 205, 50 U. S. C. A. Appendix, Nos. 1881 et seq., 1895."

As is already obvious from the cases hereinabove cited and discussed, the effect, of sustaining Defendant's motion to strike said second paragraphs from each of the causes of action alleged and set forth in Plaintiffs' petition, would be to remove those allegations without which Plaintiffs' petition would clearly fail to allege or imply any cause of action whatsoever within any meaning or intent of the Housing and Rent Control Act, as amended.

The form and substance of Plaintiffs' petition appears to sound as in an action on account and the brevity thereof tends to follow the short form of pleading authorized by the provisions of former §11333 and §11334 GC as in force and effect at the time of filing this petition. However, if it was Plaintiffs' intention to utilize such short form of pleading, it is clear on the face thereof that Plaintiffs failed to attach a copy of the instrument or account upon which their action was founded, and also failed to state any reason which would explain their omission for failing to attach such copy. Therefore, it would appear that, in so far as plaintiffs' petition sounds as in an action founded on an account in the nature of a claim for money had and received, said second paragraphs of each of the within alleged causes of action would be subject to Defendant's motion for failure to either (1) set forth a copy of the Area Rent Director's alleged order in each of said causes or (2) to state the reason and explain such omission as mandatory under said Ohio statutory provisions authorizing short form pleading.

On October 13, 1952, the Court of Appeals for Cuyahoga County, in the case of **Castrovinci v. Castrovinci, 112 N. E. 2d 53, 93 Oh Ap 133,** considered and declared the applicability of Ohio and Federal law to be as summarized below:

"Suit commenced July 3, 1951, under terms of Federal Housing and Rent Act of 1947, by tenant against landlord, wherein first cause of action concerned alleged overcharges of rent for period October 1, 1946 to June 1950, and second cause of action sought treble damages for alleged overcharges from July 1, 1950 to May 31, 1951. The Municipal Court of Cleveland sustained landlord's demurrer to the first cause of action, and tenant appealed. The Court of Appeals for Cuyahoga County, Thompson, J., held that provision of Federal Housing and Rent Act of 1947 prescribing a one-year limitation for the bringing of certain suits under said Act precluded recovery by tenant, even if action were considered to be one for money had and received, which is subject to six-year statute of limitations."

"Judgment affirmed."

It is significant to note that the Syllabus in the Castrovinci case, supra, was written by the Court and reads as follows:

"1. Under section 205 of the Federal Rent Control Act of 1947, as amended, 61 Stat. at L., 199, Title 50, Section 1895, Appendix, U. S. C. A., a tenant may not recover damages for overcharges of rent received by his landlord unless suit therefor is brought in a federal, state or territorial court within one year after the date of such alleged violation. The one-year limitation provided in the statute applies to any action by the tenant for restitution of over-payments, whether in the nature of a claim for money had and received, or otherwise, and despite the provisions of §11222 GC, providing a six-year limitation for actions for money unlawfully had and received.

"2. Where by statute a right of action is given which did not exist a common law, and the statute giving the right fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition on such right and will control no matter in what form the action is brought, and such rule does not make the general provisions of the statute of limitations existing in the jurisdiction where the liability was created operate extraterritorially."

The findings, reasoning and judgment, so clearly and ably set forth in this decision by the Court of Appeals for Cuyahoga County, leaves no doubt respecting the applicability of the one-year limitation where the tenant seeks to recover for overcharges beyond the one-year statutory bar expressly stated and set forth in the Act itself.

It is indeed significant that the last sentence in the first paragraph of the syllabus in the Castrovinci case, quoted above, reads as follows:

"**The one-year limitation provided in the statute applies to any action by the tenant for restitution of overpayments, whether in the nature of a claim for money had and received, or otherwise,** and despite the provisions of §11222 GC, providing a six-year limitation for actions for money unlawfully had and received." (Emphasis by the court.)

This Court, therefore, upon due consideration of the allegations set forth in Plaintiffs' First Cause of Action, the express statutory provisions of said Act, and the case law applicable thereto, as hereinabove set forth and discussed, finds:

(a) That this Court is without jurisdiction, under the express provisions of Section 205 of said Act, to grant the relief sought upon the allegations set forth in Plaintiffs' First Cause of Action when said allegations and the docket of this Court clearly show that the amounts claimed by Plaintiffs, as overcharges and damages, are based upon payment of rentals which were lawfully collected more than one year prior to the time Plaintiffs instituted and commenced said cause of action.

(b) That, insofar as Defendant's motion seeks to strike the entire second paragraph of the First Cause of Action from Plaintiffs' petition, said motion is well made and should be sustained for the reasons set forth in (a) above.

and upon further consideration of the allegations set forth in Plaintiffs' Second Cause of Action, the express statutory provisions of said Act, and the case law applicable thereto, as hereinabove set forth and discussed, this Court further finds:

(c) That this Court is without jurisdiction, under the express provisions of Section 205 of said Act, to grant the relief sought upon those allegations set forth in Plaintiffs' Second Cause of action which specifically allege and claim damages and overcharges based upon payment of rentals lawfully collected more than one year prior to the time Plaintiffs instituted and commenced said cause of action as clearly shown upon the face of Plaintiffs' petition and the docket of this Court.

(d) That, insofar as Defendant's motion seeks to strike so much of the second paragraph of said Second Cause of Action as contains specific allegations with respect to such rentals lawfully collected more than one year prior to the time Plaintiffs instituted and commenced said Second Cause of Action, said motion is well made and should be sustained for the reasons stated in (c) above; and that in all other respects Defendant's motion to strike should be tentatively denied.

(e) That, with respect to the remaining portion of Plaintiffs' Second Cause of Action, which is based upon rentals lawfully collected within one year of the date on which Plaintiffs instituted and commenced said action, this Court reserves judgment as to whether it has jurisdiction under the express provisions of said Act to grant the relief sought; although it is this Court's tentative opinion that said Area Rent Director's rental reduction order of September 9, 1952, standing alone, does not make unlawful that which was lawful at the time of said rental collections.

The Court further finds that Counsel for Defendant may prepare an entry accordingly which will include therein appropriate notations of exceptions on the part of Plaintiffs and Defendant to the aforesaid findings, decision and entry, and thereupon submit same to Counsel for Plaintiff and to this Court for approval.