## Cahill v. Albrecht

*George A. Butler*, for plaintiff.
*Simon Lenson*, for defendant.

SLOANE, J., August 21, 1957.—This action is by a tenant to recover rent payments he made in excess of the maximums permitted by the Federal Housing and Rent Act of June 30, 1947, and its amendments: 50b

App. U.S.C. §1891 et seq. It came in equity, but only as to form, since its essence is an action at law, for money because of fraud. Plaintiff claims fraud in that the landlord misrepresented the ceiling rental to him. The ceiling was $26.50 a month. The landlord told him it was $45, and collected that much from him each month. Plaintiff seeks to recover these overcharges, the difference between what he paid and the ceiling amount, for the period July 1, 1948, to date of suit, April 3, 1956, about $1,702.

The action must fall because of the statutory limitation period of one year after each violation for bringing action upon it (though all violations within the limitation period may be pursued in one action). See 50b App. U.S.C. §1895(c); Meyercheck v. Givens, 7 Cir., 180 F. 2d 221; Berry v. Heller, 79 F. Supp. 476; Stevick v. Cowan & Cowan, Inc., 3 D. & C. 2d 363; Whitehead v. Grove, 89 D. & C. 271; Dyno v. Rafferty, 77 D. & C. 47; Slater v. Baldige, 74 D. & C. 447; Phillips v. Fricchione, 72 D. & C. 428; Ambers v. Girondo, 69 D. & C. 15; 10 A.L.R. 2d 249, 308.

Though plaintiff denominates equity, and purports to make his claim outside the Federal statute, his action has no standing apart from that statute. The limitation may not be avoided by framing the action away from the statute. See cases collected in A.L.R. 2d Series Supplement Service (1-50), vol. 1, p. 535 et seq. To permit actions away from the statute in equity because of fraud or unjust enrichment would be to escape the statute; every case of this kind must involve either direct misrepresentation of the ceiling rent or a fraudulent nondisclosure of what the maximum was.

This is not a case of a wrong without a remedy: it is a case of a right with a specific remedy. We have no regard for defendant because of his disregard of

the law, but we must have regard for the Congress. There would have been no ceiling without a declaration by Congress. Congress declared the policy and permitted recovery for overcharges as dictated by Congress, but it set a limitation upon that permission. This we must abide.

The Federal controls expired in the Philadelphia area in 1953. The Philadelphia Rent Control Ordinances which followed admittedly made no similar provision for rent recovery actions by tenants. As to constitutionality, see Warren v. Philadelphia, 382 Pa. 380; Warren v. Philadelphia, 387 Pa. 362.

In view of what I here say, the complaint must be dismissed. Defendant shall pay all costs.